IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-CV-60-WW

| | |
|---|---|
| OWEN HARTY, Individually, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| 42 HOTEL RALEIGH, LLC, A Foreign ) | |
| Limited Liability Company, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This cause comes before the undersigned upon Defendant's motion to dismiss (DE-24). Plaintiff has not responded to this motion[1], and the time for doing so has expired. Accordingly, this matter is now ripe for adjudication. For the following reasons, Defendant's motion to dismiss (DE-24) is GRANTED.

**I. Background**

Plaintiff filed his Complaint on February 19, 2010 (DE-1). In this action Plaintiff seeks injunctive relief, attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 *et seq.* The ADA prohibits discrimination by covered entities against qualified individuals with a disability. A disability is defined as: "A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(2). Plaintiff is a qualified individual with a disability within

---

[1] Plaintiff has filed a separate motion for summary judgment (DE-25). The memorandum in support of that motion (DE-26) addresses the issues raised by Defendant.

1

the meaning of the ADA. Specifically, "Plaintiff is mobility impaired and is bound to ambulate in a wheelchair" (DE-1, pg. 1).

Plaintiff, who is a Florida resident, asserts that he "visited the . . . [Hampton Inn Raleigh, owned by Defendant which is located in Raleigh, North Carolina] and plans to return to the property to avail himself of the goods and services offered to the public at the property, and to determine whether the property has been made ADA compliant" (DE-1, pg. 1-2). The precise date of this visit is not provided, nor is his intent to return to the property specifically described. Moreover, Defendant's property is located more than 700 miles away from Plaintiff's residence (DE-28, pg. 2). However, Plaintiff contends that he is a "tester for the purpose of asserting his civil rights and monitoring, ensuring, and determining whether places of public accommodation are in compliance with the ADA." (DE-1, pg. 2).

Defendant owns, leases, leases to, or operates a place of public accommodation and is therefore responsible for complying with the obligations of the ADA. *Id. See also*, 42 U.S.C. § 12182 ("[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, ... or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation").

While staying at Defendant's place of public accommodation, Plaintiff contends that he encountered architectural barriers which discriminate against him on the basis of his disability and have endangered his safety. *Id.* In general, Plaintiff argues that Defendant failed to provide ADA-compliant: 1) parking and loading zones; 2) routes from the parking and loading zone to the building entrance(s); 3) guestrooms and suites; and 4) access to goods and services and maintenance of accessible features. *Id.* at 3-5. Ultimately, however, Plaintiff states that an

inspection of the property is required to fully ascertain the noncompliant areas. *Id.* at 5.

## II. Analysis

Defendant brings the instant motion to dismiss pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

Rule 12(b)(1) authorizes dismissal of a claim for lack of subject matter jurisdiction. When subject matter jurisdiction is challenged, the plaintiff has the burden of proving jurisdiction to survive the motion. Evans v. B.F. Perkins Co., 166 F.3d 642, 647-50 (4th Cir. 1999). "In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, Fredericksburg & Potomac R.R Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). To this end, "the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists." *Id.* The movant's motion to dismiss should be granted if the material jurisdictional facts are not in dispute and the movant is entitled to prevail as a matter of law. *Id.*

"The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint . . ." Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, a plaintiff must " 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). The facts alleged must "raise a right to relief above the speculative level," and the complaint must contain "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 555, 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).

3

"[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* A complaint may survive a motion to dismiss only if it "states a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct" based upon "its judicial experience and common sense." *Id.* at 1950. Without such "heft," claims cannot establish a valid entitlement to relief, as facts that are "merely consistent with a defendant's liability" fail to nudge claims "across the line from conceivable to plausible." *Id.* at 1947-1951 (quotations omitted).

In its motion to dismiss, Defendant contends that Plaintiff lacks standing to seek injunctive relief. Standing is the determination of whether a particular individual is the proper party to assert a claim in federal court; it "is founded in concern about the proper-and properly limited role-of the courts in a democratic society." Warth v. Seldin, 422 U.S. 490, 498. The standing doctrine curtails the types of disputes that an Article III court can decide; it does so by requiring courts to hew to their express constitutional mandate of resolving "cases" and "controversies." *See Id.;* U.S. Const. art. III, § 2, cl. 1. The standing question is one that asks "whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." Warth, 422 U.S. at 498. In order to satisfy Article III standing requirements, Plaintiff must demonstrate 1) that he has suffered an "injury in fact" that is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical; 2) a causal connection between the injury and the conduct complained of, as the injury has to be fairly traceable to the challenged action of Defendant; and 3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992). Standing is evaluated at the time plaintiff's complaint is filed, and as the party invoking federal jurisdiction, it is the plaintiff's burden to

4

establish the elements of standing. *Id.* Defendant argues that Plaintiff has not sufficiently alleged an injury in fact. The undersigned agrees.

<u>Harty v. Luihn Four, Inc.</u>—another case involving Plaintiff[2]—is controlling. *See* <u>Harty v. Luihn Four, Inc.</u>, 2010 WL 4026092 (E.D.N.C. October 13, 2010). In <u>Harty v. Luihn Four, Inc</u>, Plaintiff visited a Kentucky Fried Chicken ("KFC") in Raleigh. *Id.* at * 1. The KFC was more than 775 miles from the plaintiff's residence. *Id.* There, as here, Plaintiff alleged that he "encountered architectural barriers" in violation of the ADA. *Id.* It was noted that plaintiff did "not set forth any definite plans to visit the Property in the future, except to say that he desires to visit KFC not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination." *Id.* (internal quotations omitted). As in the present case: 1) there was no allegation that plaintiff had visited those premises on any previous occasion; and 2) plaintiff admitted he required an inspection of the location in order to determine the scope of the KFC's non-compliance with the ADA. *Id.* On this record, it was determined that the ADA claims should be dismissed because plaintiff lacked standing. Specifically, the court held that Plaintiff had failed to meet requirements of <u>Lujan</u> because no injury in fact had been pleaded. The court noted that an injury in fact requires more than a simple allegation of defendant's prior wrongful act. *Id.* at * 3 (*citing*, <u>City of Los Angeles v. Lyons</u>, 461 U.S. 95 (1983). Specfically, the <u>Harty v. Luihn Four, Inc.</u> court determined:

> Here, Harty lacks standing . . . [because] he has failed to demonstrate a substantial likelihood that he will be injured in the future by Luihn Four. Harty lives in Broward County, Florida. His residence is over seven-hundred miles from Luihn Four's KFC restaurant. Nothing indicates

---

[2] Indeed, Plaintiff is a frequent litigator in this Court. *See*, <u>Harty v. Commercial Net Lease LP Ltd.</u>, 2011 WL 807522, * 2 (E.D.N.C. March 1, 2011)(listing the cases Plaintiff had filed in this Court as of March 1, 2011).

that Harty has ever visited the Property other than on the one occasion in January, 2010. The complaint is devoid of definitive plans to return to the Property in the future. Harty's claims that he desires to visit the Property are merely "some day" intentions, and, "without any description of concrete plans, or indeed even any speculation of when the some day will be-[such allegations] do not support a finding of actual or imminent injury." Lujan, 504 U.S. at 564, 112 S.Ct. 2130. The Court does not question the sincerity of Harty's vague desires to revisit the Property. However, where, as here, the objective facts and allegations presented in the complaint fail to establish Harty's substantial likelihood of future injury, even his most earnest of desires cannot overcome the constitutional defect in his case.

*Id.*

A similar analysis was conducted in Judy v. Arcade L.P., 2011 WL 345867 (D. Md. February 2, 2011). Judy involved a Plaintiff who had filed forty-nine ADA lawsuits in a five period span. Judy, 2011 WL 345867 at * 2. The Judy court stated that in order to establish a concrete particularize injury, an ADA plaintiff must establish a likelihood of returning to the defendant's business. *Id.* at 3. "When determining an ADA plaintiff's likelihood of returning to defendant's facility and whether it is sufficient to confer standing, courts consider: (1) the proximity of defendant's business to plaintiff's residence, (2) the plaintiff's past patronage of defendant's business, (3) the definitiveness of plaintiff's plans to return, and (4) the plaintiff's frequency of travel near defendant." *Id.* (internal quotations omitted). In addition, some courts consider a plaintiff's litigation history when considering whether a plaintiff has standing. *Id.*

With regard to proximity, the Judy court noted that "a number of courts have held that a distance of more than 100 miles between a business and a plaintiff's residence weighs against finding a reasonable likelihood of future harm." *Id.* Here, that distance is more than 700 miles. The second factor—Plaintiff's past patronage of Defendant's business—also favors dismissal. Plaintiff has apparently only visited Defendant's business once, and the Complaint fails to even specify the date of that visit. Likewise, the third and fourth factors also favor dismissal.

Plaintiff's assertions that he "plans to return to the property" are indefinite, and Plaintiff makes no specific allegation that he frequently travels to Raleigh. *See Id.* at 4-5. Likewise, to the extent Plaintiff's litigation history is relevant, he has been a prodigious filer with this Court. *See*, Harty v. Commercial Net Lease LP Ltd., 2011 WL 807522, * 2 (E.D.N.C. March 1, 2011)(listing the cases Plaintiff had filed in this Court as of March 1, 2011). Finally, Plaintiff's allegation that he is a "tester for the purpose of asserting his civil rights and monitoring, ensuring, and determining whether places of public accommodation are in compliance with the ADA" is insufficient to establish standing. Judy, 2011 WL 345867 at * 6. "Any tester status that . . . [Plaintiff] might possess does not confer standing to seek prospective relief where he cannot show a reasonable likelihood of returning to defendant's property." *Id.* (internal quotations omitted).

The undersigned finds the reasoning in Harty and Judy to be sound. Based on the analysis found in those cases, Plaintiff has failed to demonstrate a substantial likelihood that he will be injured in the future by Defendant. Therefore, the undersigned finds that Plaintiffs lack standing to bring this claim and that his Complaint must be dismissed.

### III. Conclusion

For the aforementioned reasons, Defendant's motion to dismiss (DE-24) is GRANTED and Plaintiff's claims are DISMISSED in their entirety. Based on this ruling, Plaintiff's pending motion for summary judgment (DE-25) is DENIED AS MOOT.

DONE AND ORDERED in Chambers at Raleigh, North Carolina on Wednesday, March 30, 2011.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE